| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:18-cv-01241-CAS | Date | May 29, 2018 | |
| Title | RUDY E. FUENTES V. DAVID M. GOODRICH (IN RE AIDA FUENTES)   2:13-bk-11518-ER  Adversary Number, 2:17-cv-01475 | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**   (IN CHAMBERS) – MOTION TO DISMISS BANKRUPTCY APPEAL (Dkt. 9, filed March 23, 2018)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7–15.

## I.   INTRODUCTION

On February 15, 2018, Rudy E. Fuentes ("Rudy") appealed from an order of the United States Bankruptcy Court for the Central District of California authorizing David M. Goodrich—the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Aida Fuentes ("Aida")—to sell the Trustee's right, title, and interest in residential real property located at 16335 East Elgenia Street in Covina, California (the "Property"). Dkt. 1; see In re Aida Fuentes, No. 2:13-BK-11518-ER, 2018 WL 722704 (Bankr. C.D. Cal. Feb. 2, 2018) (the "Sale Order").

On March 13, 2018, the Trustee filed the instant motion to dismiss pursuant to Federal Rule of Bankruptcy Procedure 8013(a), asserting that the appeal is both statutorily moot under 11 U.S.C. § 363(m) and equitably moot because there has been a comprehensive change of circumstances so as to render it inequitable for the Court to consider the merits of the appeal. Dkt. 9 ("Mot."). On March 22, 2018, Rudy filed an opposition. Dkt. 10 ("Opp'n"). On March 26, 2018, the Trustee filed a reply. Dkt. 11 ("Reply").

Having carefully considered the parties arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:18-cv-01241-CAS | Date | May 29, 2018 | |
| Title | RUDY E. FUENTES V. DAVID M. GOODRICH (IN RE AIDA FUENTES) | | | |

## II. BACKGROUND

Prior to marrying Rudy in July 2006, Aida owned the Property as her sole and separate property. In re Aida Fuentes, 2018 WL 722704, at *2. By a grant deed recorded on September 12, 2011, Aida conveyed all of her right, title and interest in the Property to Rudy. Id. On January 18, 2013, Aida filed a voluntary Chapter 7 petition; and David M. Goodrich was appointed as the Trustee of her bankruptcy estate. Id. On March 12, 2014, the Trustee initiated an adversary proceeding against Rudy and Aida seeking to avoid the September 2011 transfer as actually and constructively fraudulent and to recover possession of the Property. Id.; see Goodrich v. Fuentes, et al., Adv. No. 2:14-ap-01159-ER. On April 30, 2015, the bankruptcy court entered judgment in favor of the Trustee and against Rudy, setting aside the September 2011 transfer. In re Aida Fuentes, 2018 WL 722704, at *2. However, the court ordered that the turnover shall be subject to Rudy's homestead exemption in the Property and the Trustee obtaining an order authorizing the sale of the Property. Id.

On September 8, 2014, Rudy filed a separate Chapter 7 petition and claimed a $175,000 homestead exemption in the Property.[1] Id. The Trustee moved to disallow Rudy's homestead exemption. On February 19, 2015, the bankruptcy court denied the Trustee's disallowance motion, finding that Rudy was entitled to a homestead exemption based on his possessory interest in the Property. Id. This order was affirmed on appeal both by the district court, see In re Fuentes, No. 2:15-cv-02080-MWF (C.D. Cal. Sept. 23, 2015), and subsequently by the Ninth Circuit in an unpublished memorandum of decision issued on April 17, 2017, see In re Fuentes, 687 F. App'x 542 (9th Cir. 2017). The Ninth Circuit held that because Rudy satisfied the residency requirements of California Code of Civil Procedure section 704.710(c), he could claim a homestead exemption for his possessory interest in the Property. Id. at 544. However, the Ninth Circuit noted that, although there was no basis to disallow the homestead exemption,

---

[1] Sam S. Leslie was appointed as the Trustee of Rudy's bankruptcy estate, although he is not a party to this appeal. Accordingly, all references to the "Trustee" are to David M. Goodrich.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-01241-CAS | Date | May 29, 2018 |
| Title | RUDY E. FUENTES V. DAVID M. GOODRICH (IN RE AIDA FUENTES) | | |

"Fuentes is not guaranteed to receive any particular amount of money if any other interest (besides his possessory interest) in the Property is sold." Id. at 544, n.1.

On September 13, 2017, the bankruptcy court held a hearing on the Trustee's motions to (1) compel Aida to turn over the Property and (2) for an order authorizing the sale of the Property. In re Fuentes, 2018 WL 722704, at *5. The court denied both motions without prejudice because Aida, Rudy, and their children were still residing at the Property. Id. In order to adjudicate issues regarding Rudy's possessory interest and homestead exemption, the court reopened Rudy's bankruptcy case. Id. On September 18, 2017, Rudy filed an adversary complaint in his reopened case, which the court dismissed with leave to amend. Id. On November 21, 2017, Rudy filed an amended complaint alleging that (1) Rudy's possessory interest in the Property has a value of at least $150,000; (2) Rudy holds an equitable interest in the Property due to community payments on the Property's mortgage; and (3) the Trustee's attempt to sell the property without paying Rudy for his homestead exemption constitutes a taking without just compensation. Id. at *6.

On January 31, 2018, the court held a hearing on the Trustee's second motion to sell the Property and his motion to dismiss certain claims asserted by Rudy in the adversary proceeding. Id. at *1. The Trustee sought authorization to sell the property to Equity Saver Construction, Inc. ("Equity"), free and clear of liens and encumbrances, for the purchase price of $360,000. Id. The sale was not contingent upon the delivery of the Property in a vacant condition nor the extinguishment of the possessory interests of Aida, Rudy, or any other occupants. Id. at *6. The Trustee intended to sell only his interest, not Rudy's possessory interest in the Property. Id. The Trustee further sought a finding that Equity, or any qualified overbidder prevailing at the auction, is a good faith purchaser. Id. With respect to the motion to dismiss, the Trustee argued that any equitable interest Rudy may have held in the Property dissipated as a result of the fraudulent September 2011 transfer. Id. at *7.

On February 2, 2018, the bankruptcy court granted both the Trustee's second sale motion and the motion to dismiss. The court found that Rudy's allegations regarding his equitable interest in the Property failed to state a claim upon which relief can be granted because any equitable interest that Rudy may have acquired is community property of Aida's estate and therefore belongs to the Trustee pursuant to 11 U.S.C. § 541(a)(2). Id. at *10. With regard to Rudy's claims based on his possessory interest in the Property, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' | JS-6 | |
|---|---|---|---|---|
| Case No. | 2:18-cv-01241-CAS | | Date | May 29, 2018 |
| Title | RUDY E. FUENTES V. DAVID M. GOODRICH (IN RE AIDA FUENTES) | | | |

court determined that Rudy was not entitled to receive any payment for his homestead exemption because the Trustee was not selling Rudy's possessory interest in the Property—only the Trustee's interest was being sold to Equity. Id. at *11–12. Because the Trustee was neither seeking to sell nor terminate Rudy's possessory interest, the court determined that it lacked jurisdiction to determine the value of that interest. Accordingly, the court *sua sponte* dismissed the complaint's remaining claims for lack of jurisdiction. Id. at *12. Finally, after reviewing the declaration of Joe Timko, the president of Equity, the court found that Equity is a good faith purchaser entitled to the protections of 11 U.S.C. § 363(m). Id. at *14.

On February 15, 2018, Rudy filed a notice of appeal of the Sale Order in addition to an emergency motion to stay the sale pending appeal. That same day, the bankruptcy court denied Rudy's motion for a stay and issued an order authorizing the Trustee to sell the Property to Equity for the purchase price of $360,000. See dkt. 9, Request for Judicial Notice ("RJN") of orders and pleadings entered or filed in In re Aida Fuentes, No. 2:13-bk-11518-ER, Exs. 3–4. On March 9, 2018, the Trustee filed a report of sale pursuant to Federal Rule of Bankruptcy Procedure 6004(f)(1) and Local Bankruptcy Rule 6004-l(g), indicating that (1) the Trustee consummated the sale of his right, title and interest in the Property to Equity, (2) the amount of the net sale proceeds was $141,446.42, (3) and the Trustee did not sell Rudy's possessory interest in the Property. Id., Ex. 5.

## III. LEGAL STANDARD

Ordinarily, appeals from orders of bankruptcy courts are heard by a bankruptcy appeals panel, but any party to the appeal may elect instead to have such appeal heard by the district court. 28 U.S.C. § 158(c)(1). Such appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeal from the district courts." Id. § 158(c)(2). A district court "acts as an appellate court" and therefore applies the same standards of review. In re Daniels-Head & Assoc., 819 F.2d 914, 918 (9th Cir. 1987). Federal Rule of Bankruptcy Procedure 8013 provides that "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." A bankruptcy court's interpretations of law are reviewed de novo and its factual findings are reviewed for clear error. Blausey v. U.S. Trustee, 552 F.3d 1124, 1132 (9th Cir. 2009). The court must accept the bankruptcy court's findings of fact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:18-cv-01241-CAS | Date | May 29, 2018 | |
| Title | RUDY E. FUENTES V. DAVID M. GOODRICH (IN RE AIDA FUENTES) | | | |

unless, upon review, it is left with "the definite and firm conviction that a mistake has been committed." In re Straightline Invs., Inc., 525 F.3d 870, 876 (9th Cir. 2008).

The doctrine of mootness has special relevance in the context of bankruptcy appeals and "comes in a variety of flavors: constitutional, equitable, and statutory." In re Castaic Partners II, LLC, 823 F.3d 966, 968 (9th Cir. 2016) (quoting In re PW, LLC, 391 B.R. 25, 33 (9th Cir. BAP 2008). "Constitutional mootness is jurisdictional and derives from the case-or-controversy requirement of Article III." Id. "A live case or controversy exists only if the parties have an interest in the outcome of the litigation. But that interest in the outcome of the case dissolves, and an appeal is constitutionally moot, only if it is impossible to grant relief." In re PW, LLC, 391 B.R. at 33 (internal citation omitted). Under the judge-made abstention doctrine of equitable mootness, courts may nevertheless "dismiss appeals of bankruptcy matters when there has been a 'comprehensive change of circumstances . . . so as to render it inequitable for [the] court to consider the merits of the appeal.' " In re Mortgs. Ltd., 771 F.3d 1211, 1214 (9th Cir. 2014) (quoting In re Thorpe Insulation Co., 677 F.3d 869, 880 (9th Cir. 2012). In other words, "[e]quitable mootness concerns whether changes to the status quo following the order being appealed make it impractical or inequitable to unscramble the eggs." In re Castaic Partners II, LLC, 823 F.3d at 968. "Finally, statutory mootness codifies part, but not all, of the doctrine of equitable mootness." Id.; see 11 U.S.C. § 363(m); In re Onouli–Kona Land Co., 846 F.2d 1170, 1172 (9th Cir. 1988) (holding that the codification of 11 U.S.C. § 363(m) did not abrogate equitable-mootness doctrine).

## IV. DISCUSSION

The Trustee moves to dismiss Rudy's appeal of the Sale Order as both statutorily and equitably moot. Mot. at 9–10. Rudy acknowledges that the sale is final and does not seek to set it aside, but rather seeks to litigate several issues related to his homestead exemption. Opp'n at 2–3. Because Rudy does not challenge the bankruptcy court's determination that Equity was a good faith purchaser, he has effectively conceded that his appeal is statutorily moot under § 363(m). Accordingly, Court will grant the Trustee's motion to dismiss the appeal.

"Section 363 of the Bankruptcy Code generally allows the trustee to use, sell, or lease property of an estate, other than in the ordinary course of business, after notice and a hearing." In re Berkeley Delaware Court, LLC, 834 F.3d 1036, 1039 (9th Cir. 2016)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:18-cv-01241-CAS | Date | May 29, 2018 | |
| Title | RUDY E. FUENTES V. DAVID M. GOODRICH (IN RE AIDA FUENTES) | | | |

(citing 11 U.S.C. § 363). "The property rights of good faith purchasers participating in such sales are protected by section 363(m)." In re Ewell, 958 F.2d 276, 279 (9th Cir. 1992). That "safe harbor" provision states:

> The reversal or modification on appeal of an authorization . . . of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property *in good faith*, whether or not such entity knew of the pendency of the appeal, *unless such authorization and such sale or lease were stayed pending appeal*.

11 U.S.C. § 363(m) (emphases added). In other words, "[w]hen a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal." In re Filtercorp, Inc., 163 F.3d 570, 576 (9th Cir. 1998). Accordingly, the debtor's failure to obtain a stay ordinarily renders the appeal moot because the reviewing court "cannot grant any effective relief." In re Ewell, 958 F.2d at 282.[2]

Section 363(m) applies here. On February 2, 2018, following at least two hearings on the matter, the bankruptcy court authorized the Trustee to sell all of his right, title, and interest in the Property to Equity. In re Fuentes, 2018 WL 722704, at *1. After reviewing a declaration submitted by the president of Equity, the court determined that Equity is a good faith purchaser entitled to the protections of § 363(m). Id. at *14. On appeal, Rudy does not challenge the court's determination that Equity was a good faith purchaser. On February 15, 2018, the court denied Rudy's emergency motion for a stay of the sale and Sale Order pending this appeal. See RJN, Exs. 2 & 3. Finally, on March 9, 2018, the Trustee filed a report indicating that he had consummated the sale of his right, title and interest in the Property to Equity, and clarifying that he did not sell Rudy's possessory interest in the Property. Id., Ex. 5. Because the bankruptcy court determined that Equity is a good faith purchaser and denied Rudy's motion to stay the Sale Order

---

[2] The Ninth Circuit has recognized only two limited exceptions to 11 U.S.C. § 363(m): "(1) where real property is sold subject to a statutory right of redemption, and (2) where state law otherwise would permit the transaction to be set aside." In re Ewell, 958 F.2d at 280 (citing In re Mann, 907 F.2d 923, 926 (9th Cir.1990)); accord In re Berkeley Delaware Court, LLC, 834 F.3d at 1039. Rudy does not argue that either of these exceptions apply, nor does the Court discern any basis for their application here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:18-cv-01241-CAS | Date | May 29, 2018 | |
| Title | RUDY E. FUENTES V. DAVID M. GOODRICH (IN RE AIDA FUENTES) | | | |

pending appeal, the requirements of § 363(m) are satisfied and the appeal is rendered moot. See In re Ewell, 958 F.2d at 282.

In opposing the Trustee's motion to dismiss, Rudy concedes that "the sale to a good faith purchaser cannot be undone." Opp'n at 2. He nevertheless asserts that this appeal raises several issues, including (1) whether the Sale Order improperly and adversely affected his homestead exemption thus circumventing the orders of the district court and Ninth Circuit; (2) whether the bankruptcy court erred in not requiring the Trustee to provide adequate protection for Rudy's homestead exemption in connection with the sale of the Property; and (3) whether the Trustee had authority to sell the Property notwithstanding Rudy's homestead exemption, thereby diminishing or extinguishing the existence or validity of the exemption. Id. at 2–3. Rudy admits that he "does not seek to set aside the sale" and "acknowledges that the sale is final." Id. at 3. Rather, Rudy asserts that if he prevails on any of the foregoing issues, this Court should remand the matter to the bankruptcy court to ascertain the value of his homestead exemption and order the Trustee to set aside that amount. Id. at 3.

In effect, Rudy concedes that his appeal is statutorily moot under § 363(m). He does not challenge the bankruptcy court's determination that Equity is a good faith purchaser, nor does he argue that any other exception to § 363(m) applies. There is no dispute that Rudy failed to obtain a stay from the bankruptcy court. Accordingly, the Court finds that Rudy's appeal of the Sale Order is mooted by operation of § 363(m). Separately, the Trustee argues that the appeal is equitably moot because the sale of the Property constitutes a comprehensive change of circumstances rendering it inequitable for the Court to consider the merits of the appeal. Mot. at 10. The Trustee further argues that the appeal is constitutionally moot because there is no justiciable case or controversy before the Court in light of Rudy's admissions that the sale cannot be set aside. Reply at 3. However, because the appeal is statutorily moot under § 363(m), the Court need not reach the Trustee's alternative grounds for dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** | **JS-6** |
|---|---|---|---|---|
| Case No. | 2:18-cv-01241-CAS | Date | May 29, 2018 | |
| Title | RUDY E. FUENTES V. DAVID M. GOODRICH (IN RE AIDA FUENTES) | | | |

## V. CONCLUSION

For these reasons, the Court **GRANTS** the Trustee's motion to dismiss the appeal. Appellant Rudy Fuentes's appeal of the Sale Order is hereby **DISMISSED** on statutory mootness grounds.

**IT IS SO ORDERED**.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |